IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

COREY T. PINKNEY,

    Plaintiff,

v.                         CIVIL ACTION NO.: CV608-054

Sergeant JAVAKA JOHNSON;
THE STATE OF GEORGIA, and
Lt. FORD,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Georgia State Prison in Reidsville, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff names the State of Georgia as a Defendant. The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). The State of Georgia has not consented to being sued in this Court; thus, the State of Georgia should be dismissed as a Defendant from this cause of action.

In addition, Plaintiff seeks a restraining order against Georgia State Prison. Plaintiff asserts Georgia State Prison is "punishing" him because he filed this case. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective

AO 72A
(Rev. 8/82)

2

order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

Plaintiff has failed to show that there is a substantial likelihood that he could prevail on the merits of his Complaint. Plaintiff seeks a restraining order against a prison. A prison is not a properly named Defendant in § 1983 litigation. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003) (prisons are generally not considered legal entities subject to suit under section 1983). Plaintiff's request for injunctive relief should be denied.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against the State of Georgia and his injunctive relief claims against Georgia State Prison be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE