COREY T. PINKNEY,

    Plaintiff,

v.

Sergeant JAVAKA JOHNSON,
and Lt. FORD,

    Defendants.

CIVIL ACTION NO.: CV608-054

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Corey Pinkney ("Plaintiff"), who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Defendants Javeka Johnson and Lt. Ford ("Defendants") filed a Motion to Dismiss, and Plaintiff filed a Response. Defendant filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was told to "cuff up" so officers could "shakedown" his cell. (Compl., p. 5). Plaintiff asserts Defendant Johnson brushed up against him and looked at him "mean", and, in response to Defendant Johnson's actions, Plaintiff "swung" to get Defendant Johnson off of him. (Id.) Plaintiff contends Defendant Johnson hit him in the face, and Lieutenant Ford and CERT members wrestled him to the ground. Plaintiff alleges his face was on the concrete floor, and Defendant Johnson

AO 72A
(Rev. 8/82)

kicked his head several times, which caused him to sustain several injuries. Plaintiff also alleges he received stitches due to his injuries.

Defendants have moved for the dismissal of Plaintiff's Complaint, asserting that Plaintiff failed to exhaust his administrative remedies.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert the Georgia Department of Corrections has a statewide grievance procedure for inmates to submit grievances regarding incidents or prison conditions. Defendants contend an inmate is to file an informal grievance, a formal grievance, and appeal to the Commissioner's Officer before his administrative remedies are exhausted. Specifically, Defendants contend that, after an inmate filed an informal grievance, a response is delivered to the inmate within ten (10) days of receipt by the inmate's counselor. If the inmate is dissatisfied with the informal grievance's resolution, he can file a formal grievance. Defendants also contend that all timely filed grievances are considered at the institutional level. An inmate should receive a response within 30

calendar days after a formal grievance was filed. If the inmate is dissatisfied with the institutional response, he can file an appeal with the Commissioner's Office, and the Commissioner's Office has 90 days after receipt to respond. Defendants contend that this is the final step in the administrative remedy process. Defendants allege that every inmate, including Plaintiff, receives an oral explanation of the grievance process, as well as a copy of the Orientation Handbook upon entering the custody of the Department of Corrections. Defendants assert that the events giving rise to Plaintiff's Complaint allegedly occurred on June 4, 2008, and he filed his Complaint on July 7, 2008. Defendants also assert Plaintiff states in his Complaint that he had only filed a grievance with the Warden. Defendants allege Plaintiff did not exhaust his administrative remedies fully before filing this cause of action, and, as such, his Complaint should be dismissed.

Plaintiff contends that he sent the white copy of his grievance to the Commissioner's Office and did not receive a response. Plaintiff asserts that, after he received a response to his grievance from the Warden, he "knew the administration and staff at Georgia State Prison were not [going] to allow" his grievance to get to the Commissioner's Office. (Doc. No. 21, p. 1). Plaintiff asserts he cannot present evidence of sending the grievance to the Commissioner's Office because personnel with the Georgia Department of Corrections have conspired against him.

Defendants respond that, assuming Plaintiff's assertions pertaining to exhaustion are true, he has not exhausted his administrative remedies. Defendants aver that, even if Plaintiff mailed a copy of his grievance to the Commissioner's Office, the grievance procedures require that inmates fill out and sign the Grievance Appeal Form and turn in

AO 72A
(Rev. 8/82)

3

it to his counselor. Defendants also aver that the Commissioner's Office had 90 days in which to file a response to Plaintiff's appeal (assuming it was received). Given that Plaintiff filed his Complaint barely a month after the alleged events giving rise to his Complaint, Defendants assert, he could not have exhausted his administrative remedies.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

All inmates committed to the Department of Corrections in state facilities shall have access to the Georgia Department of Corrections' grievance procedure. (Doc. No. 19, Ex. A-1, §§ I-II). This grievance procedure allows inmates to grieve "[a]ny condition, policy, procedure, action, or lack thereof that affects inmates and is in the control of the Department of Corrections." (Id. at § VI(A)(5)). The grievance procedure is initiated when an inmate files an informal grievance. This form must consist of only one (1) issue and must be "filed no later than 10 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance." (Id. at § VI(B)(3) and (5)). After an inmate's informal grievance is resolved, the inmate must complete a formal grievance form within five (5) business days of the inmate's receipt of the written resolution of the informal grievance. The Warden shall have 30 calendar days after receipt of the grievance in which to file a response. (Id. at § VI(C)). An inmate may appeal the Warden's response to his formal grievance within five (5) business days after receiving the response by filing a timely appeal with the Office of the Commissioner. The Commissioner's Office has 90 days after the receipt of an inmate's appeal to respond. (Id. at § VI(D)). The formal grievance process is not considered completed until after the Commissioner's Office has given a response. (Kirkley Aff., ¶ 10).

The evidence before the Court reveals that Plaintiff filed a formal grievance with the Warden and had not received a response to his grievance at the time he signed and dated his complaint on July 1, 2008, and filed it on July 7, 2008. (Compl., p. 3). The events giving rise to Plaintiff's allegations occurred on June 4, 2008. (Id. at 5). Assuming, *arguendo*, that Plaintiff timely filed a grievance with the Warden and the Warden did not give a response within 30 days, Plaintiff did not exhaust his

administrative remedies prior to filing his Complaint. Plaintiff still had as an available administrative remedy the option of filing an appeal with the Commissioner's Office. The undersigned recognizes Plaintiff's contention that he mailed his grievance to the Commissioner's Office. Even if this were the proper appeal process, Plaintiff did not wait until 90 days had elapsed before filing this cause of action. Thus, Plaintiff did not properly exhaust his available administrative remedies prior to filing his Complaint. See Jones, 549 U.S. at 218.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his administrative remedies prior to filing his complaint.

**SO REPORTED** and **RECOMMENDED**, this 9th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE